1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11    YASSER USMAN TOOR,              )
                                      )
12              Plaintiff(s),         )     No. C07-0645 BZ
                                      )
13         v.                         )     **ORDER DENYING DEFENDANTS'**
                                      )     **MOTION TO DISMISS**
14    DAVID N. STILL, District        )
      Director, USCIS, San            )
15    Francisco District Office,      )
      et al.,                         )
16                                    )
                Defendant(s).         )
17    _____ )

18        Before me is defendants'[1] motion to dismiss for lack of

19   subject matter jurisdiction and for failure to state a claim

20   pursuant to Federal Rules of Civil Procedure 12(b)(1) and

21   (6).[2]  For the following reasons, defendants' motion is

22   _____

23        [1]    Named defendants are David N. Still, District
      Director, USCIS, San Francisco District Office, Emilio T.
24   Gonzalez, Director, USCIS, Robert Cowan, Director, USCIS
      National Benefits Center, Robert S. Mueller, Director, Federal
25   Bureau of Investigation, Michael Chertoff, Secretary,
      Department of Homeland Security, Alberto Gonzales, Attorney
26   General, Department of Justice.

27        [2]    All parties have consented to my jurisdiction,
      including entry of final judgment, pursuant to 28 U.S.C. §
28   636(c) for all proceedings.

                                   1

1   **DENIED.**

2       On October 15, 2003 plaintiff, a native of Pakistan,

3   applied for adjustment of status to lawful permanent residence

4   under 8 U.S.C. § 1255 with the San Francisco District Office

5   of United States Citizenship and Immigration Services (USCIS).

6   Complaint ¶ 17.  His application included both an immediate

7   relative visa petition (Form I-130) under 8 CFR § 204.1 and an

8   application for permanent residence (Form I-485) under 8 CFR §

9   245.1.  Id.  On December 31, 2003, the USCIS requested that

10  the FBI conduct a "name check" of plaintiff and provide the

11  results.  Cannon Decl. ¶ 22.  The FBI name check is one of

12  several security checks utilized by the USCIS to investigate

13  the background of applicants.  Yuen Decl. ¶ 4.  Plaintiff and

14  his wife were interviewed at the USCIS District Office in San

15  Francisco on May 13, 2004.[3]  Complaint ¶ 19.  Plaintiff's I-

16  485 application, however, remains pending.  Id. at ¶¶ 22-23;

17  Yuen Decl. ¶ 17.  Defendants assert that the USCIS is unable

18  to complete plaintiff's application because it has yet to

19  receive the results of the FBI name check.  Yuen Decl. ¶ 17;

20  Cannon Decl. ¶ 22.

21      Plaintiff, his wife, and his attorney made numerous

22  inquiries into the status of his I-485 application to no

23  avail.  Complaint ¶¶ 13, 23.  As a result, plaintiff filed

24  this action, styled as a complaint for mandamus, on January

25  31, 2007.  At the time, the USCIS District Office in San

26  Francisco was processing I-485 applications filed as of July

27  _____

28      [3]   The I-130 visa petition was approved May 13, 2004.
    Yuen Decl. ¶ 17.

1    17, 2006.  Id. at ¶ 21.  As of the filing of defendants'

2    motion to dismiss, May 14, 2007, plaintiff's application has

3    remained pending for approximately three-and-a-half years.

4        The complaint invokes this Court's jurisdiction under 28

5    U.S.C. § 1361 (the Mandamus Act), 5 U.S.C. § 702, et seq. (the

6    Administrative Procedures Act, "APA"), and 28 U.S.C. § 1331.

7    Plaintiff seeks an order directing the FBI to complete his

8    name check within thirty days, and directing defendants to

9    adjudicate his I-485 application promptly upon receipt of the

10   results.  He is not seeking an order directing defendants to

11   grant his application.  Defendants assert that the court lacks

12   subject matter jurisdiction to hear this matter because the

13   adjudication of an I-485 application is left to the discretion

14   of the USCIS.[4]  I disagree.

15       I have previously held that the USCIS owes an asylee a

16   non-discretionary duty to adjudicate his I-485 application,

17   and that the APA requires that the adjudication occur within a

18   reasonable time.  See Aboushaban v. Mueller, 2006 WL 3041086,

19   at *1-*2 (N.D. Cal.).  Since my ruling, a number of my

20   _____

21        [4]    The burden of establishing subject matter
     jurisdiction rests upon the party asserting jurisdiction.
22   Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).
     When considering a motion to dismiss pursuant to Rule 12(b)(1),
23   the court may review any evidence, such as affidavits and
     testimony, to resolve factual disputes concerning the existence
24   of jurisdiction.  McCarthy v. United States, 850 F.2d 558, 560
     (9th Cir. 1988).  In contrast, dismissal under Rule 12(b)(6) is
25   required only if plaintiff's complaint fails to set forth facts
     sufficient to establish a plausible right of recovery.  See
26   Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).
     The court must accept as true all material allegations in the
27   complaint and construe them in the light most favorable to the
     plaintiff. See Newman v. Sathyavaglswaran, 287 F.3d 786, 788
28   (9th Cir. 2002); Associated Gen. Contractors of Am. v. Metro.
     Water Dist. of S. Cal., 159 F.3d 1178, 1181 (9th Cir. 1998).

3

colleagues in this district have considered the issue.[5]  To my

knowledge, all have concluded that the statutory text and the

code regulations, in conjunction with the APA, establish a

non-discretionary duty to adjudicate the I-485 application

within a reasonable time.  See Singh v. Still, 470 F. Supp. 2d

1064 (N.D. Cal. 2007); Gelfer v.Chertoff, 2007 WL 902382 (N.D.

Cal.); Wu v. Chertoff, 2007 WL 1223858 (N.D. Cal.); Dmitriev

v. Chertoff, 2007 WL 1319533 (N.D. Cal.); Baker v. Still, 2007

WL 1393750 (N.D. Cal.); Fu v. Gonzales, 2007 WL 1455873 (N.D.

Cal.); Razaq v. Poulos, 2007 WL 61884 (N.D. Cal.); Quan v.

Chertoff, 2007 WL 1655601 (N.D. Cal.).[6]  Defendants, however,

ask me to adopt the reasoning of other courts that have

refused to find a non-discretionary duty and have therefore

---

[5]    An asylee files his I-485 application pursuant to 8
U.S.C. § 1159 and 8 C.F.R. § 209.2, whereas an alien files his
application pursuant to 8 U.S.C. § 1255 and 8 C.F.R § 245.2.
Cf. Aboushaban, 2006 WL 3041086, at *1 (considering an asylee's
application for adjustment of status) with Wu v. Chertoff, 2007
WL 1223858, at *3 (considering an alien's application for
adjustment of status).  The applicable provisions, however, are
practically identical.  Cf. 8 U.S.C. § 209.2(f) ("The applicant
shall be notified of the decision, and if the application is
denied, of the reasons for denial.") with 8 C.F.R §
245.2(a)(5)(I) ("The applicant shall be notified of the
decision of the director and, if the application is denied, the
reasons for the denial.").

[6]    Many other courts agree.  See Quan, 2007 WL 1655601,
at *2 (stating that a "majority" of courts outside the Northern
District agree that subject matter jurisdiction exists over
such claims, and citing cases in support); Guoping Ma v.
Gonzales, 2007 WL 1655188, at *4 (W.D. Wash. 2007) (citing
cases); see also Salehian v. Novak, 2006 WL 3041109 (D. Conn.);
Haidari v. Frazier, 2006 WL 3544922 (D. Minn.); Duan v.
Zamberry, 2007 WL 626116 (W.D. Pa.); Tjin-A-Tam v. U.S. Dept.
of Homeland Sec., 2007 WL 781339 (S.D. Fla.); Osunsanya v. U.S.
Citizenship and Immigration Services, 2007 WL 484864 (D.
Mass.); Elmalky v. Upchurch, 2007 WL 944330 (N.D. Tex.); Song
v. Klapakas, 2007 WL 1101283 (E.D. Pa.); Cho v. Jarina, 2007 WL
1484053 (E.D. La.).

1   declined to exercise jurisdiction over these claims.  <u>See,</u>

2   <u>e.g.</u>, <u>Grinberg v. Swacina</u>, 2007 WL 840109 (S.D. Fla.); <u>Qui v.</u>

3   <u>Chertoff</u>, 2007 WL 1430207 (D. N.J.); <u>Xiao v. Gonzales</u>, 2007 WL

4   1303000 (D. N.J.); <u>Safadi v. Howard</u>, 466 F. Supp. 2d 696 (E.D.

5   Va. 2006).

6        I find no reason to disavow my holding in <u>Aboushaban</u> or

7   reject the reasoning adopted by so many other courts.  8

8   U.S.C. Section 1255(a) grants the Attorney General discretion

9   over whether to grant or deny an application for adjustment,

10  not whether to adjudicate the application.[7]  Code regulations

11  clearly contemplate that a decision will be made on each I-485

12  application and that the applicant will be informed thereof.

13  <u>See</u> 8 C.F.R § 245.2(a)(5)(i).  Insofar as the APA authorizes

14  the courts to compel an agency to complete a non-discretionary

15  duty within a reasonable time,[8] plaintiff's claim is on solid

16  ground.[9]  <u>See, e.g.</u>, <u>Wu</u>, 2007 WL 1223858, at *2-*3.

17  ────────────

18      [7]    Section 1255(a) reads: "The status of an alien . . .
    may be adjusted by the Attorney General, in his discretion and
    under such regulations as he may prescribe, to that of an alien
19  lawfully admitted for permanent residence if (1) the alien
    makes an application for such adjustment, (2) the alien is
20  eligible to receive an immigrant visa and is admissible to the
    United States for permanent residence, and (3) an immigrant
21  visa is immediately available to him at the time his
    application is filed."
22

23      [8]    "A person suffering legal wrong because of agency
    action, or adversely affected or aggrieved by agency action
24  within the meaning of a relevant statute, is entitled to
    judicial review thereof."  5 U.S.C. § 702.  "Agency action" is
25  defined to include a "failure to act."  § 551(13).  "With due
    regard for the convenience and necessity of the parties or
26  their representatives and within a reasonable time, each agency
    shall proceed to conclude a matter presented to it."  § 555(b).

27      [9]    Contrary to defendants' suggestion, plaintiff does
    not rely on the APA as the sole basis for subject matter
28  jurisdiction.  In addition to the Mandamus Act, plaintiff

1   Safadi, a case upon which a number of courts have relied

2   in reaching a different conclusion, is factually

3   distinguishable.  There, all background checks had been

4   completed.  The USCIS was in the process of exercising its

5   discretion to make its final adjudication.  466 F. Supp. 2d at

6   697-98.  To order "immediate" adjudication, as the applicant

7   requested, would have stripped the USCIS of its discretion to

8   make a final determination.  No such circumstances exist here.

9   To sidestep Aboushaban, defendants raise a new argument -

10   that 8 U.S.C. § 1252(a)(2)(B) strips courts of jurisdiction to

11   hear challenges to the pacing of the adjustment

12   adjudication.[10]  See, e.g., Safadi, 466 F. Supp. 2d at 698;

13   Grinberg, 2007 WL 840109, at *3.  The plain language of

14   section 1252(a)(2)(B) addresses only judgments, decisions or

15   actions committed to the discretion of defendant - not

16   inaction or delay.  See Iddir v. I.N.S., 301 F.3d 492 (7th

17   ───────────────

18   asserts federal question jurisdiction under 28 U.S.C. § 1331.
    As explained in Califano v. Sanders, 430 U.S. 99, 105 (1977),
19   the "obvious effect" of the 1976 modifications to section 1331,
    "subject only to preclusion-of-review statutes created or
20   retained by Congress, [was] to confer jurisdiction on federal
    courts to review agency action, regardless of whether the APA
21   of its own force may serve as a jurisdictional predicate."

22   [10]   8 U.S.C. § 1252(a)(2)(B) reads: "Notwithstanding any
    other provision of law (statutory or nonstatutory), including
23   section 2241 of Title 28, or any other habeas corpus provision,
    and sections 1361 and 1651 of such title, and except as
24   provided in subparagraph (D), and regardless of whether the
    judgment, decision, or action is made in removal proceedings,
25   no court shall have jurisdiction to review – (i) any judgment
    regarding the granting of relief under section . . . 1255 of
26   this title, or (ii) any other decision or action of the
    Attorney General or the Secretary of Homeland Security the
27   authority for which is specified under this subchapter to be in
    the discretion of the Attorney General or the Secretary of
28   Homeland Security, other than the granting of relief under
    section 1158(a) of this title."

1    Cir. 2002) (considering identical statutory language and

2    concluding that the section "only bars review of actual

3    discretionary decisions to grant or deny relief under . . .

4    section 1255."); <u>Medina-Morales v. Ashcroft</u>, 371 F.3d 520, 528

5    (9th Cir. 2004) (holding that section 1252(a)(2)(B)(ii) did

6    not bar review of a motion to reopen removal proceedings

7    because the statute authorizing a motion to reopen "neither

8    grants nor limits the Attorney General's discretion to deny

9    motions to reopen . . . ."); <u>Fu</u>, 2007 WL 1455873, at *5

10   (rejecting the argument that section 1252(a)(2)(B)(ii) bars

11   review of inaction on an adjustment of status application).

12   Section 1252(a)(2)(B) is inapplicable to plaintiff's claim.

13         Moreover, to read section 1252(a)(2)(B)(ii) as broadly as

14   defendants "would render 'toothless all timing restraints,

15   including those imposed by the APA,' which would 'amount to a

16   grant of permission for inaction.'"  <u>Fu</u>, 2007 WL 1455873, at

17   *5 (quoting <u>Duan v. Zanberry</u>, 2007 WL 626116, at *3 (W.D.

18   Pa.)).  Such an outcome does not find support in the statutory

19   text and, considering the fact that most applicants will be

20   physically present in the United States, seems antithetical to

21   national security interests.

22         Nor does 8 C.F.R. § 103.2(b)(18) command a different

23   conclusion.<sup>11</sup>  <u>See, e.g.</u>, Qui, 2007 WL 1430207, at *6.   Since

24   _____

25   [11]    Section 103.2(b)(18), entitled "Withholding
     adjudication," reads in part: "A district director may
26   authorize withholding adjudication of a visa petition or other
     application if the district director determines that an
27   investigation has been undertaken involving a matter relating
     to eligibility or the exercise of discretion . . . and that the
28   disclosure of information to the applicant or petitioner in
     connection with the adjudication of the application or petition

1    defendants provide no evidence to suggest that plaintiff's
2    application is being withheld pursuant to section
3    103.2(b)(18), its provisions are inapplicable.  See Elmalky v.
4    Upchurch, 2007 WL 944330, at *4 (N.D. Tex.) (rejecting an
5    argument based on section 103.2(b)(18) where defendants failed
6    to supply evidence demonstrating adherence to the code
7    procedures).

8          Finally, I reject defendants' argument that jurisdiction
9    is inappropriate because "no judicially manageable standards
10   are available for judging how and when an agency should
11   exercise its discretion."  Heckler v. Chaney, 470 U.S. 821,
12   830 (1985); see also 5 U.S.C. § 701(a)(2) (precluding
13   application of the APA to "agency action . . . committed to
14   agency discretion by law.").  While the statute does not
15   provide a specific time frame within which an adjustment of
16   status application must be processed, "[i]t is the sense of
17   Congress that the processing of an immigration benefit
18   application should be completed not later than 180 days after
19   the initial filing of the application . . . ." 8 U.S.C.
20   § 1571(b).  I agree with those courts that have taken a case-
21   by-case approach in determining the reasonableness of the
22   delay.  See, e.g. Aboushaban, 2006 WL 3041086, at *2, and
23   cases cited therein; see also Quan, 2007 WL 1655601, at *4
24   (explaining that the APA's reasonableness requirement under
25   section 555(b) applies where there is a duty but no specified

26   ─────────────
27   would prejudice the ongoing investigation."  The section goes
     on to require specified officials to review the withholding
     decision in six month increments until completion of
28   adjudication.

8

1 time frame); <u>Gelfer</u>, 2007 WL 902382, at *2 (applying the

2 section 555(b) reasonableness requirement "while giving wide

3 berth to an agency's determination as to what time period is

4 reasonable.").[12]

5  Defendants additionally argue that plaintiff cannot meet

6 the strict requirements mandated by the Mandamus Act.[13]

7 However, "[r]elief under mandamus and the APA are virtually

8 equivalent when a petitioner seeks to compel an agency to act

9 on a nondiscretionary duty." <u>Id.</u> at *3 (citing <u>Independence</u>

10 <u>Mining Co. v. Babbitt</u>, 105 F.3d 502, 507 (9th Cir. 1997).

11 Given my conclusions as to jurisdiction under the APA, the

12 first two elements of mandamus are met.  Plaintiff alleges in

13 his complaint that he attempted unsuccessfully to prod agency

14 action prior to filing his complaint, and that no other remedy

15 exists.  I can think of no other remedy.  Thus, "[t]his Court

16 has jurisdiction to hear plaintiff's complaint under both the

17 writ of mandamus and the APA." <u>Wu</u>, 2007 WL 1223858, at *3.

18  Plaintiff alleges that his application has remained

19 pending for over three years, and nothing in the record

20

21  [12] Neither <u>Heckler v. Chaney</u> nor <u>Norton v. Southern Utah</u>
 <u>Wilderness Alliance</u>, 542 U.S. 55 (2004), requires a different
22 outcome.  Both cases involved plaintiffs seeking to compel
 agencies to enforce statutory provisions by particular action.
23 Such analysis is inapplicable here, where defendants have a
 duty to adjudicate plaintiff's application within a reasonable
24 time but yet have discretion over whether to grant or deny it.

25  [13] "A writ of mandamus is appropriate only where: 1) the
 plaintiff's claim is clear and certain; 2) the defendant
26 official's duty to act is non-discretionary, ministerial, and
 so plainly prescribed as to be free from doubt; and 3) no other
27 adequate remedy is available." <u>Aboushaban</u>, 2006 WL 3041086, at
 *1 (citing <u>Barron v. Reich</u>, 13 F.3d 1370, 1374 (9th Cir.
28 1994)).

1   compels the conclusion that such delay is reasonable as a

2   matter of law.  Defendants' explanation of the FBI name check,

3   and the necessity thereof, goes to the reasonableness of the

4   delay - an inquiry premature at this time.  See id.

5        Plaintiff has demonstrated that this Court has

6   jurisdiction over his claim for mandamus.[14]  The facts of the

7   complaint are otherwise sufficient to state a claim upon which

8   relief may be granted.  For the foregoing reasons, defendants'

9   motion is **DENIED**.  The hearing scheduled for July 11, 2007 is

10  **VACATED**.[15]

11  Dated:  July 10, 2007

12

13                              Bernard Zimmerman
                           United States Magistrate Judge

14

15  G:\BZALL\-BZCASES\Toor v. Still\ORDER.DENY.MOTION.DISMISS.2.wpd

16

17

18

19  _____

20       [14]   Whether the FBI and the Attorney General are proper
    defendants is less clear.  See, e.g., Li v. Chertoff, 482 F.

21  Supp. 2d 1172, 1179 (S.D. Cal. 2007) (suggesting that a court
    may not have authority to order the FBI to process a security

22  check); Pool v. Gonzales, 2007 WL 1613272, at *1 n.1 (D. N.J.)
    (noting that the authority for adjudicating § 1255(a)

23  applications has been transferred from the Attorney General to
    the Secretary of Homeland Security and the USCIS).  The issue,

24  however, need not presently be reached.  Suffice it to say that
    this Court has jurisdiction over plaintiff's claims at least as

25  to some of the defendants.

26       [15]   Defendants accepted my July 6, 2007 Tentative Ruling
    and waived argument.  Plaintiff agreed to waive argument if I

27  incorporated a number of specified modifications.  I have
    incorporated those modifications necessary to clarify or

28  correct my previous Ruling, but see no need for further
    argument.